# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

June 24, 2009

Charles R. Fulbruge III
Clerk

No. 08-40670
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff–Appellee,

v.

MANUEL DE JESUS MEDRANO, JR.,

Defendant–Appellant.

Consolidated with
No. 08-40681
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff–Appellee,

v.

MANUEL DE JESUS MEDRANO, JR., also known as Chuy,

Defendant–Appellant.

Appeals from the United States District Court
for the Southern District of Texas
USDC No. 5:07-CR-1529-1
USDC No. 5:08-CR-2-1

Before KING, DENNIS, and OWEN, Circuit Judges.

PER CURIAM:[*]

Manuel De Jesus Medrano, Jr., appeals his jury-trial conviction of conspiracy to possess with intent to distribute more than 100 kilograms of marijuana and possession with intent to distribute more than 100 kilograms of marijuana, in violation of 21 U.S.C. §§ 841 and 846.

Medrano argues that his conviction was invalid because the Government failed to prove beyond a reasonable doubt that he knew that he possessed the particular quantity of marijuana alleged in the indictment. His argument is based on the Supreme Court's ruling in *Apprendi v. New Jersey*, 530 U.S. 466 (2000). As he properly concedes, his argument is foreclosed by *United States v. Gamez-Gonzalez*, 319 F.3d 695, 699-700 (5th Cir. 2003). He raises it here solely to preserve it for further review.

Medrano also appeals the district court's revocation of his supervised release for his prior conviction of possession with intent to distribute marijuana. He argues that the district court based its revocation sentence solely on his jury-trial conviction of possession with intent to distribute and conspiracy to possess with intent to distribute. He reiterates that this conviction was invalid under *Apprendi* and asserts that the basis for the district court's revocation sentence therefore was improper. He argues that remand is appropriate to permit the district court to reconsider and clarify its revocation sentence.

As detailed above, Medrano's jury-trial conviction was validly obtained. The Government was not required under this court's precedent to prove beyond a reasonable doubt that Medrano knowingly possessed more than 100 kilograms of marijuana. Therefore, because there is no basis upon which to vacate

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Medrano's jury-trial conviction and sentence, there are no grounds upon which to conclude that the revocation sentence was improper.

Accordingly, the district court's judgments are AFFIRMED.